L. D. LALLERSTEDT, plaintiff in error, vs. W. A. GRIFFIN, defendant in error.

When a draft is drawn upon one, who is styled, Treasurer, &c., of an unincorporated Mining Company, and the drawee accepts individually, it may be treated by the holder as his personal contract.

Assumpsit, in Columbia Superior Court. Nonsuit by Judge HOLT, at September Term, 1859.

This was an action of assumpsit, brought by Lallerstedt, endorsee, against Griffin, on a draft, of which the following is a copy, to-wit:

"AUGUSTA, GA., 29th Oct., 1858.

To W. A. Griffin, Treasurer of the Griffin Mining Co.:

Ninety days after date, pay to the order of John M. Galt, President, five hundred and thirty-seven dollars and five cents, for value received.

(Signed,)          JOHN MILLEDGE,
                            Sec'y G. M. Co."

          (Endorsed,)     "JOHN M. GALT, President."

And which draft was accepted by the defendant, by writing across the face of the paper, " *accepted, W. A. Griffin.*"

At the trial, plaintiff offered in evidence the draft. Defendant objected to its introduction, on the ground, that the acceptance created no liability upon him individually, but was an undertaking of the Griffin Mining Company.

The Court sustained the objection, and excluded the paper, and ordered a nonsuit. To which ruling and decision, counsel for plaintiff excepted.

GIBSON ; and LALLERSTEDT, for plaintiff in error.

MILLERS & JACKSON, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Was the Court right in nonsuiting the plaintiff?

If the acceptance by Griffin might be treated as an individual undertaking, then the ruling was wrong. And that it might be so considered, we think is abundantly sustained by the books. *Story on Agency* 159; 6 *Bac. Abr.* 802, 807; 2 *Str. Rep.* 955; *Cas. Temet. Hard.* 1; 1 *Bailey on Bills,* 5th edition, ch. 2, sec. 7, note 48; *Paley on Agency by Lloyd,* ch. 6, sec. 1, *pages* 378, 379.

It is true, that Judge Story, in commenting upon the case of *Thomas vs. Bishop,* 2 *Str. Rep.* 955, and which is the starting point for the doctrine, says, that it seemed to press

the rule to the utmost limit of the law, if indeed upon principle, it is sustainable at all. He did not deny however, that upon authority, it was within the limit of the law.

On the contrary, we apprehend, the general rule to be, that where an agent, professedly dealing in the name of his principal, yet signs the contract individually, it is at the election of the other party to treat it as his own personal contract. And this is a just inference from the form of the contract itself, as to what was the intention of the person sought to be made liable.